OPINION
{¶ 1} William Stewart applied to the Dayton Municipal Court for the sealing of a conviction record of a 1991 conviction for fourth degree misdemeanor disorderly conduct. (Case No. 91 CRB 02160). The trial court denied the application, finding that Stewart was not a first offender, as required by R.C. 2953.32(A)(1), due to a subsequent conviction for disorderly *Page 2 
conduct in the Kettering Municipal Court (Case No. 01 CRB 2440). It would appear that the trial court believed that the disorderly conduct conviction in the Kettering Municipal Court-even if only a minor misdemeanor — disqualified Stewart for "first offender" status and eligibility to have the record sealed.
 {¶ 2} Stewart assigns error as follows:
 {¶ 3} "THE TRIAL COURT ERRED BY FINDING THAT THE APPELLANT IS NOT A FIRST OFFENDER FOR THE PURPOSE OF HAVING HIS RECORD OF CONVICTION SEALED WHEN THE ONLY OTHER OFFENSE THE APPELLANT HAS BEEN CONVICTED OF IS A MINOR MISDEMEANOR."
 {¶ 4} Stewart claims, and the prosecutor concedes, that a minor misdemeanor disorderly conduct conviction does not prevent first offender status because minor misdemeanors are generally not "previous or subsequent conviction[s]" for purposes of determining first offender status. R.C. 2953.31(A). The State also confirms that the Kettering conviction was for a minor misdemeanor.
 {¶ 5} Both parties request us to order the record of conviction in Dayton Municipal Court Case No. 91 CRB 02160 sealed. We decline to do so. Assuming that Stewart is a first offender, the trial court is required to perform the analysis prescribed by R.C. 2953.32(C)(1) before ordering a record sealed. The trial court has not done this analysis because it determined Stewart was not a first offender.
 {¶ 6} Accordingly, the assignment of error is sustained and the matter will be remanded for further proceedings consistent with this opinion. *Page 3 
 BROGAN, J. and DONOVAN, J., concur. *Page 1